AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| David Gentile, Jeffry Schneider, and Jeffrey Lash | ) Case No. 1:21-cr-00054 (DG)(PK) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Scott Silverman
[redacted]

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Rider A.

| Place: Kobre & Kim LLP<br>800 Third Ave, New York, NY 10022<br>matthew.menchel@kobrekim.com | Date and Time: 09/10/2022 9:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __David Gentile__, who requests this subpoena, are:

KOBRE & KIM LLP
Matthew I Menchel
800 Third Ave, New York, NY 10022
matthew.menchel@kobrekim.com, (305) 720 9595

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 1:21-cr-00054

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# APPENDIX A

# DEFINITIONS

1. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and, with respect to oral Communication, includes any Document evidencing such oral communication. It includes the transmittal of information by any means, including email, SMS, MMS, or other "text" messages, messages on "social networking" sites (including but not limited to, Facebook, WhatsApp, MySpace, Instagram, and Twitter), shared applications from cell phones, or by any other means. "Communication" also includes, without limitation, all originals and copies that are provided by you or to you by others.

2. "Defendants" means Defendants David Gentile, Jeffry Schneider, and Jeffrey Lash.

3. "Documents" has the meaning ascribed to that term in E.D.N.Y. Local Rules as any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained directly, or, if necessary, after translation by the responding party into a reasonably usable form. "Documents" also includes any "draft or non-identical copy" of any of the foregoing materials.

4. "DOJ" means and includes the U.S. Department of Justice and all of its employees, consultants, contractors, offices, departments, divisions, and branches located in the United States or elsewhere.

5. "FBI" means the Federal Bureau of Investigation and all of its employees, consultants, contractors, offices, departments, divisions, and branches located in the United States or elsewhere.

6. "Investigations" means and includes all DOJ and SEC investigations concerning the Defendants and GPB Capital Holdings, LLC, in connection with *U.S. v. Gentile, et al.*, No. 21-CR-00054 (E.D.N.Y.) and *SEC v. GPB Capital Holdings, LLC, et al.*, No. 21-CV-00583 (E.D.N.Y).

7. "Recordings" refers to the following audio recordings either made by You or in which You were a participant in the conversation that was recorded, whether You knew such conversation was being recorded or not by another individual, including the following or other Recordings made in connection with the Investigations:

    a. September 20, 2018 conversation between You, David Rosenberg, Mike Pope, Randy Callison, Frank Pena, Rob Morse, Mark Slosberg, and other potential individuals;

    b. November 7, 2018 conversation between You, Jeffrey Lash, Joe Giardot, Daniele Lash, Jovan Sijan, Jeffry Schneider, and other potential individuals;

    c. January 29, 2019 conversation between You, Jeffrey Lash, Alex McAllister, and other potential individuals;

    d. February 20, 2019 conversation between You, Jeffrey Lash, and other potential individuals;

e.  February 28, 2019 conversation between You, Anthony DiCello, Jeffrey Lash, Alex McAllister, and other potential individuals; and

f.  March 14, 2019 conversation between You, Jeffrey Lash, and other potential individuals.

8.  "SEC" means the U.S. Securities and Exchange Commission and all of its employees, consultants, contractors, offices, departments, divisions, and branches located in the United States or elsewhere.

9.  "You" means Scott Silverman, and any agents, attorneys, employees, representatives, or any other persons acting or purporting to act on Scott Silverman's behalf.

## INSTRUCTIONS

1.  In addition to the requirements set forth in the E.D.N.Y. Local Rules, which are incorporated herein by reference, the following instructions apply to each Request.

2.  Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes or text messages or similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.

3.  Computer files and similar electronic records should be produced in a readable and text-searchable form. Any password-protected Documents shall be produced with applicable passwords.

4.  Each page of all Documents produced must be marked with a unique identifier or "Bates Number."

5.  This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below, such as, for example, documents maintained by your counsel.

6.  To the extent there are no responsive Documents to a particular Request, please indicate that in your response. If a Document once existed and has been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and the details concerning its non-existence.

7.  To the extent that a Document otherwise responsive to any of the Requests is withheld on the ground(s) that it is subject to the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, please provide a log that identifies each such document and the specific reason for which it is being withheld in sufficient detail to allow assessment of the validity of the withholding.

8.  If you redact any portion of a Document, please stamp the word "REDACTED" on each portion of the Document that contains redactions and provide the reason for the redactions in sufficient detail to allow assessment of the validity of the claim for redaction.

## REQUESTS

1.   All Communications between and among You and any of the DOJ, the SEC, and/or the FBI concerning any of the Recordings made by You in connection with the Investigations.

2.   Documents sufficient to identify (i) the date(s) and participant(s) of any of the Recordings made by You in connection with the Investigations; (ii) whether and when those Recordings were given to the SEC, DOJ, and/or the FBI in connection with the Investigations; and (iii) any information, training, protocols, guidelines, or instructions provided by the SEC, DOJ, and/or the FBI to You in connection with the making of such Recordings, including the collection of privileged information (such as attorney client privileged communications or attorney work product).