# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

July 21, 2024

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** ***United States v. Gentile, et al.,***
> ***21 Cr. 054 (RPK) (PK)***

Dear Judge Kovner,

We write respectfully on behalf of Defendant David Gentile to raise certain evidentiary objections regarding documents the Government has indicated to Defendants that it may seek to introduce via a publication witness. Mr. Gentile hereby joins the letter filed by Jeffry Schneider (filed at Dkt. No. 437), and raises additional objections only where not already raised in Mr. Schneider's letter.

On July 10, counsel for Mr. Gentile emailed the Government and asked that they provide a list of exhibits they intended to offer through their publication witness. The Government responded that same evening, sending Defendants a list of 115 exhibits. On July 16, the Government sent Defendants a revised list of 105 exhibits, which removed certain of the 115 exhibits and added new ones. On July 19, the Government sent Defendants an additional 39 documents, bringing the total count of exhibits the Government seeks to admit through its publication witness to 144 (not including attachments). Throughout this process, defense counsel has repeatedly asked the Government to identify those attachments that it intends to offer through its publication witness. The Government has declined to identify the specific attachments or the specific portions they intend to review with the "publication" witness. Accordingly, to the extent Mr. Gentile objects to a given exhibit, those objections apply equally to the exhibit's attachments, if any.

**AMERICAS** (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**APAC** (HONG KONG, SEOUL, SHANGHAI), **CARIBBEAN** (BVI, CAYMAN ISLANDS), **EMEA** (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Hon. Rachel P. Kovner, U.S.D.J.
July 21, 2024
Page 2

Despite having little information from the Government as to what documents it seeks to admit and for what purpose, counsel for Mr. Gentile has reviewed the exhibits,[1] and intends to object to the following documents, which we have organized into the below categories.[2]

**Calendar Invitations**

Mr. Gentile objects to the 81 calendar invitations that the Government has included in its list of exhibits to admit through its publication witness, and incorporates by reference the objections made by Mr. Schneider in his July 21 Letter. (Dkt. No. 437 at 6-7). Mr. Gentile further objects to these calendar invites to the extent they: (1) do not include Mr. Gentile; (2) are internal Ascendant meetings; and (3) include witnesses that have already testified, whom counsel for Mr. Gentile could have cross examined regarding the content of the calendar invites (*e.g.*, whether the meeting actually occurred, whether the individuals listed on the invite were in attendance, and whether the subject matter of what was discussed at the meeting was consistent with the subject line of the calendar invite). *See, e.g.,* GX-8268; GX-8283; GX-8285; GX-8287; GX-8288; GX-8289; GX-8293; GX-8294; GX-8295; GX-8297; GX-8300; GX-8309. Further, the relevance of many of these calendar invites is unclear on the face of the document. For example, many do not indicate the relevant fund that is the topic of discussion, or are otherwise vague as to the topic of discussion. *See, e.g.,* GX-7459, GX-8282–GX-8314, GX-8293. The Government should be required to explain why these documents are relevant under FRE 401 and how they expect that a "publication" witness will establish that relevance despite having no percipient knowledge of the subject matter of the invitations. The invitations themselves do not bear sufficient indicia of reliability and the inability to inquire of the "publication" witness as to these core facts deprives Defendants of the ability to challenge the inferences that the Government undoubtedly will ask the jury to draw from these documents.

**Irrelevant Emails[3]**

Mr. Gentile objects to four emails as irrelevant under FRE 401, and as inadmissible hearsay under FRE 802. These communications include documents (1) in which no relevant fund is specified, (2) that do not include Mr. Gentile, and/or (3) that are internal drafts for which the relevance is unclear on the face of the document and cannot be established by a "publication" witness without percipient knowledge of the subjects described in the underlying emails and their attachments.

The documents in this category are: GX-7879; GX-8259; GX-8260; GX-8261.

---

[1] The parties have met and conferred regarding Defendants' evidentiary objections, but have been unable to come to an agreement as to the majority of the documents the Government seeks to introduce through its publication witness.

[2] Mr. Gentile also objected to a number of the Government's exhibits in court on July 18, 2024 due to lack of agency under FRE 801(d)(2)(D). Because those objections have already been ruled on and preserved, they are not set forth again in this letter.

[3] Mr. Gentile notes that several documents included by the Government on its publication witness list are lengthy and include information that is seemingly irrelevant. *See, e.g.,* GX-8328, GX-7393, GX-8222, GX-83330, GX-8272. Mr. Gentile objects to the admission of those portions of the proffered documents and submits that they should be redacted, should the Court be inclined to otherwise admit them.

Hon. Rachel P. Kovner, U.S.D.J.
July 21, 2024
Page 3

### Documents with Joanne Gentile

Mr. Gentile objects to three emails as irrelevant under FRE 401, and as inadmissible hearsay under FRE 802. Specifically, these documents include communications with Mr. Gentile's wife, Joanne Gentile. Mr. Gentile himself is not included on most of these documents. To the extent the Government seeks to admit these communications and calendar invitations to establish that it was Mr. Gentile that was the recipient of a particular communication or document, there is no basis for such a conclusion and a "publication" witness cannot cure that defect. Nor is Mrs. Gentile's participation in a meeting or receipt of an email relevant.

The documents in this category are: GX-7463; GX-7605, GX-8273.

### Additional Miscellaneous Objections

Finally, Mr. Gentile objects to 6 documents for various purposes, all falling within the ambit of FRE 401, 403, 802, and/or lack of agency under FRE 801(d)(2)(D).

- **GX-7767:** Mr. Gentile objects to this document as inadmissible hearsay, to the extent the acquisition fee amounts contained therein are being admitted for their truth. This document was purportedly put together by Steven Frangioni, who has not testified. As such, there is no way for Defendants to know how this document was compiled or to cross-examine the reliability of the document. Furthermore, the attachment at GX-7767-A appears to have also been sent to Mr. Jacoby, and therefore the Government had an opportunity to question Mr. Jacoby when he testified about the contents of this email, which would have given Defendants an opportunity to question Mr. Jacoby about these documents. The Government should accordingly be prohibited from admitting these documents into evidence.

- **GX-8091 & GX-8093:** Mr. Gentile objects to these documents as more unfairly prejudicial than probative under FRE 403. The documents involve Mr. Teeters, who was a Government witness. The Government had an opportunity to question Mr. Teeters when he testified about the contents of these emails, which would have given Defendants an opportunity to confront Mr. Teeters about these documents and his understanding about the statements made therein. The Government should accordingly be prohibited from admitting these documents into evidence. Mr. Gentile also objects to these documents due to lack of agency under FRE 801(d)(2)(D).

- **GX-8149:** Mr. Gentile objects to this email as inadmissible hearsay, to the extent that it is being offered for the truth of the matters asserted therein. Mr. Gentile also objects due to lack of agency under FRE 801(d)(2)(D). Finally, Mr. Gentile objects to this email to the extent the Government seeks to admit portions not relevant to any issue in this case.

- **GX-8265:** Mr. Gentile objects to this document on hearsay grounds, to the extent any of the statements made by Mr. Marshall, Mr. Frangioni, and/or Mr. Jacoby are

Hon. Rachel P. Kovner, U.S.D.J.
July 21, 2024
Page 4

offered for the truth of the matters asserted therein.  Further, Mr. Gentile also objects on relevance grounds, as this document appears to relate to funding working capital for a Lash-related dealership not at issue in this case, and related to which the Government has not elicited any testimony.  Last, this email chain includes Mr. Jacoby, who has already testified for the Government.  The Government had an opportunity to question Mr. Jacoby when he testified about the contents of these emails, which would have given Defendants an opportunity to confront Mr. Jacoby about these documents and his understanding about the statements made therein. The Government should accordingly be prohibited from admitting these documents into evidence.

- **GX-8322:**  Mr. Gentile objects to this document on hearsay grounds to the extent the Government seeks to offer it as proof of the fact that the meeting discussed therein, in fact, took place.  Mr. Gentile also objects to this document to the extent the Government seeks to admit it as an adopted admission or as relevant to Mr. Gentile's state of mind, as Mr. Gentile is not on the email, nor is there any indication that he ever received it or adopted the statements made therein.

- **GX-8330:**  Mr. Gentile objects to this document as irrelevant.  As Mr. Schneider correctly noted in his July 21 letter, the transcript is a draft, as evident by the cover email and various edits that are contained throughout the document (*see, e.g.,* Dkt No. 437, Ex. A at -006).  Further, there is no evidence that Mr. Gentile reviewed this transcript or ever adopted the statements therein, as he does not appear on the parent email attaching the transcript.  Further still, at the time of this email, the relevant funds are all closed to new investors, and so it is unclear how these statements purportedly made to investors at the very end of the conspiracy period could be relevant.

Respectfully yours,

*/s/ Sean S. Buckley*
Sean S. Buckley
Matthew I. Menchel
Adriana Riviere-Badell
Jonathan D. Cogan
Caroline A. Rivera

*Counsel for Defendant David Gentile*