UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

v.

**JURY CHARGE**
21-CR-54 (RPK) (PK)

DAVID GENTILE
and JEFFRY SCHNEIDER,

Defendants.
------------------------------------------------------------x
Members of the Jury:

Now that the evidence in this case has been presented and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

Second, I will instruct you as to the legal elements of the crimes charged in this case. That is, I will tell you what the government must prove beyond a reasonable doubt to warrant a finding of guilt.

Third, I will instruct you as to some general rules regarding your deliberations.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

# I. GENERAL INSTRUCTIONS

## A. THE FUNCTION OF THE COURT, THE JURY, AND COUNSEL

### *1. The Duties of the Jury*

To begin with, it is your duty to find the facts from all the evidence or lack of evidence in this case. You are the sole judges of the facts and it is therefore for you and you alone to pass upon the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law to the facts as you find them in accordance with my instructions. While the lawyers may have commented on some of these rules, you must be guided only by what I instruct you about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others; even if you disagree with some of the rules or don't understand the reasons for some of them, you are bound to follow them.

### *2. Role of the Court*

It is my duty to instruct you on the law. You must accept my instructions and apply them to the facts as you determine them.

It would violate your sworn duty to base a verdict on any other view of the law than the one I will give to you. This means you must follow my instructions regardless of any opinion that you may have as to what the law might or should be, and regardless of whether any attorney has stated a legal principle differently from how I might state it now.

You must also consider these instructions as a whole during your deliberations and may not single out any instruction as alone stating the law.

### *3. Parties Are Equal Before the Court; Government as a Party*

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that this prosecution is brought in the name of the United States government does not entitle the United States to any greater consideration than the defendants are entitled to. By the same token, it is entitled to no less consideration. The parties—the United States government and the defendants—are equal before this Court and are entitled to equal consideration. Neither the government nor the defendants are entitled to any sympathy or favor.

### *4. Conduct of Counsel*

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## B. THE INDICTMENT

### *1. The Indictment Is Not Evidence*

The defendants are charged in what is called an indictment, which is just a statement of charges or accusations. The indictment is not itself evidence. It does not create any presumption or permit any inference that either defendant is guilty.

Each charge in the indictment is called a "count." The indictment contains a total of five counts. Each count charges one or both defendants with a different crime. You will be asked to render a separate verdict on each count.

### *2. Multiple Counts and Multiple Defendants*

There are two defendants on trial before you. You must, as a matter of law, separately consider each count of the indictment and separately consider each defendant's alleged involvement in the counts with which they are charged, and you must return a separate verdict on each defendant for each count in which he is charged. Whether you find a given defendant not guilty or guilty as to one offense should not affect your verdict on other offenses.

In reaching your verdict, bear in mind that guilt or lack thereof is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

### *3. Variance in Dates (Dates in the Indictment Are Approximate)*

While we are on the subject of the indictment, I should draw your attention to the fact that it does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires the evidence establish beyond a reasonable doubt that the dates alleged in the indictment and the date established

by the testimony or exhibits are substantially similar. The proof need not establish with certainty the exact date of an alleged offense.

## C. BURDEN OF PROOF

### *1. Presumption of Innocence*

Mr. Gentile and Mr. Schneider have both pleaded not guilty to each of the charges in the indictment. To convict a given defendant of a given charge, the burden is on the prosecution to prove that defendant's guilt of each element of that charge beyond a reasonable doubt. This burden never shifts to the defendants, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. In other words, each defendant starts with a clean slate and is presumed innocent of each charge against him until such time, if ever, that you as a jury are satisfied that the government has proven that defendant is guilty of that charge beyond a reasonable doubt.

If you don't find that the government has overcome the presumption of innocence, that alone is enough to acquit the defendants.

### *2. Burden of Proof on Government*

Because the law presumes the defendants to be innocent, the burden of proving their guilt beyond a reasonable doubt rests with the government throughout the trial. A defendant never has the burden of proving his innocence. Indeed, a defendant need not produce any evidence at all.

### *3. Proof Beyond a Reasonable Doubt*

Because the government is required to prove each defendant's guilt beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all

of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to a defendant's guilt with respect to a particular charge against him, you must find that defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should find that defendant guilty of that charge.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.

## D. EVIDENCE, INFERENCES, AND CREDIBILITY

### *1. What Is and Is Not Evidence*

I wish to instruct you now as to what counts as evidence, and how you should consider it. The evidence you should consider in deciding what the facts are comes in several forms:

- Sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called them;
- Exhibits that have been received into evidence by the Court; and

- Facts as to which both parties have agreed to in a stipulation. A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

Certain things are not evidence and must therefore be disregarded by you in deciding what the facts are. The following are not evidence:

- The contents of the indictment are not evidence.
- Arguments or statements by lawyers are not evidence.
- Questions put to the witnesses are not evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as agreed on by the witness; the weight that you give that fact is up to you.
- Objections to such questions or to offered exhibits are not evidence.
- Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence and you must disregard it.
- Obviously, anything you may have seen or heard outside the courtroom is not evidence.
- Nothing I have said or done should be used by you to infer innocence or guilt. I have no view of the guilt or innocence of the defendants.

***2. Available Evidence***

Although the government bears the burden of proof, the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. Defendants, of course, have no burden to offer any evidence. Your job is simply to decide with respect to each defendant, based on the evidence that was presented at trial, whether the government has met its burden of proof beyond a reasonable doubt.

### *3. Inferences Drawn from the Evidence*

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial evidence.

### *4. Direct and Circumstantial Evidence*

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but because there are no windows in the courtroom you cannot look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed

facts, you cannot look outside to see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

In this case, the government has asked you to draw one set of inferences, while the defendants have asked you to draw another set of inferences, based on the same evidence. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

***5. Number of Witnesses and Uncontradicted Testimony***

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

### *6. Charts and Summaries*

During the course of trial, there were charts and summaries shown to you. The charts and summaries were shown to you because the party that provided the chart or summary believed it made the other evidence more meaningful and to aid you in considering that evidence. They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. As a result, if you have any questions regarding these charts or summaries you should turn to the actual evidence—in particular, the documentary records upon which the charts and summaries are based.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

### *7. Redactions of Exhibits*

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document was taken out because those portions are not relevant to the issues in this case or are otherwise not appropriate to consider. You are to concern yourself only with the part of the document that has been admitted into evidence. You should not speculate about or consider any possible reason why some other part of the document has been redacted.

### *8. Evidence About Audited Financial Statements and K-1s*

While you heard evidence about delays in issuing audited financial statements or "K-1" forms, and about auditors' withdrawal of certain audited financial statements, please remember that, as I instructed you during the trial, those things can happen for a variety of reasons. You have not heard evidence during this trial about why those materials were delayed or withdrawn, and you

are not to speculate about why audited financial statements or K- 1s were delayed or why auditors withdrew certain audited financial statements.

### *9. Evidence About Acquisition Fees, Board Stipends, Management Fees, and Fund Expenses*

You have heard evidence regarding acquisition fees, board stipends, management fees, and fund expenses. That evidence was offered to give you an understanding of how the GPB funds operated and how the defendants were compensated. However, as I will explain in a moment, the fraud that is charged in this case is that defendants made misrepresentations or statements containing misleading omissions to GPB investors—in other words, that they said one thing and did another. The government's theory of fraud is *not* that the payment of fees, stipends, and expenses independently violated any legal duty to investors.

### *10. Expert Witnesses*

You have heard, during the course of this trial, the testimony of individuals referred to as experts in their fields. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

***11. Cooperating Witness***

You also heard from a witness who testified that he was himself involved in one or more of the charged crimes with one or more of the defendants. The government sometimes must rely on the testimony of witnesses who admit participating in criminal activity. The law allows the use of such testimony. It is the law in the federal courts that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt as to every element beyond a reasonable doubt.

However, because of the interest cooperating witnesses may have in testifying, the testimony should be scrutinized with special care and caution. The fact that the witness may benefit from his cooperation may be considered by you as bearing upon his credibility.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his or her background and the extent to which his or her testimony is or is not corroborated by other evidence in the case.

You may consider whether a cooperating witness has an interest in the outcome of the case and, if so, whether that interest has affected his testimony. You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would receive favorable treatment by testifying falsely, or did he believe that his interest would be best served by testifying truthfully?

If you believe that that witness was motivated by hopes of personal gain, such as avoiding prison, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you think the witness's testimony was false, you should reject it. However, if after a cautious and careful examination of the cooperating witness's testimony you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any other witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept the witness's testimony in other parts, or you may disregard all the testimony. That's a determination entirely for you, the jury.

You heard evidence that a government witness pleaded guilty to a charge arising out of some of the same facts that are at issue in this case. That evidence is before you solely to assist you in evaluating the credibility of that witness. You are instructed that you are to draw no conclusions or inferences of any kind about the alleged guilt of the defendants on trial before you from the fact that a prosecution witness pled guilty to related or similar charges. The decision of that witness to plead guilty was a personal decision that witness made. It may not be used by you in any way as evidence against or unfavorable to the defendants. Now you've also heard testimony in this case about who will decide the sentence of such witnesses. The final decision of what sentence a defendant receives is a decision that rests with the sentencing court, and you should not think about that except as it may affect the witness's credibility.

***12. Uncalled Witness Equally Available to Both Sides***

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses. Both the government and the defendants have the same power to subpoena witnesses to testify on their behalf. There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. Nor does the law require

that all things mentioned during the course of the trial be produced as exhibits. I remind you, however, that because the law presumes the defendants to be innocent, the burden of proving each defendant's guilt beyond a reasonable doubt is on the government throughout the trial. A defendant never has the burden of providing his innocence or of producing any evidence or calling any witnesses at all.[1]

***13. Other Persons Not on Trial***

You have heard evidence about the involvement of certain other people in the alleged crimes referred to in the indictment. It is not your concern that these individuals are not on trial before you. You should neither speculate as to the reason these people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.

***14. The Privilege Against Self Incrimination***

The defendants did not testify in this case. Under our Constitution, they have no obligation to testify or to present any other evidence because it is the government's burden to prove each defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent because he is presumed to be innocent under the law.

You may not attach any significance to the fact that the defendants did not testify. You may not draw an adverse inference against them because they did not take the witness stand. You may not consider this against the defendants in any way in your deliberations in the jury room.

***15. Credibility of Witnesses and Discrepancies in Testimony***

You are the sole judges of the credibility of the witnesses and of the weight to be assigned to their testimony. Any assumption that a witness will speak the truth may be counteracted by the

[1] I am deferring decision on an uncalled-witness charge until after I have heard closing statements so that I can assess the appropriateness of this charge in light of the specific arguments made (if any) regarding uncalled witnesses.

appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by other evidence or testimony contrary to that witness's testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence that tend to indicate whether a witness's testimony is worthy of belief. Consider each witness's intelligence, motive, state of mind, interest in the prosecution or defense of the case, and his or her demeanor while on the stand. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his or her testimony or did the witness contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit their testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error, on the one hand, or intentional falsehood, on the other. You may also consider whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a witness is shown knowingly to have testified falsely concerning any important matter, you have a right to discredit that witness's testimony in other particulars, and you may reject all the testimony of that witness, or you may assign it such weight as you think it deserves.

In determining the weight to be accorded a witness's testimony, you may consider any demonstrated bias, prejudice, or hostility of that witness. You may also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

***16. Preparation of Witnesses***

There was testimony at trial that the attorneys for the government and defense interviewed witnesses when preparing for and during the course of the trial. You should be aware that there is nothing unusual or improper about a witness meeting with lawyers before testifying. The weight you give to the fact or the nature of the witness's preparation for his or her testimony, and what inferences you draw from such preparation, are matters completely within your discretion.

***17. Prior Inconsistent Statements***

You have heard evidence that certain witnesses made statements on earlier occasions which defense counsel argues are inconsistent with the witnesses' trial testimony. Evidence of the prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witnesses who contradicted themselves. If you find

that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part or none of the witness's testimony.

***18. Presence of Counsel***

You have heard evidence that GPB had lawyers. A lawyer's mere involvement with an individual or entity does not constitute a defense to any charge in this case. The defendants have not claimed, and cannot claim, that their allegedly unlawful conduct, assuming they engaged in unlawful conduct, was lawful because they engaged in such conduct in good-faith reliance on the advice of a lawyer. You may, however, consider the involvement of lawyers as relevant to other subjects, such as whether it was defendants or someone else who prepared certain language in the product placement memoranda ("PPMs").

***19. Punishment, Sympathy, Or Prejudice***

The question of possible punishment of the defendants is of no concern to the jury and should not influence your deliberations. The duty of imposing a sentence rests exclusively upon the Court. Your function is to weigh the evidence and to determine whether or not each defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon a defendant,

if he is convicted, to influence your verdict, in any way. You cannot allow considerations of punishment to enter into your deliberations.

Nor under your oath as jurors are you to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendants beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendants are guilty of the crimes charged solely based on the evidence and subject to the law as I charge you. It must be clear to you that if you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of not guilty. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate for any reason to render a verdict of guilty.

## II. THE LEGAL ELEMENTS OF THE CRIMES CHARGED

I turn now to the second part of my instructions. Those are instructions about the legal elements of the charges against the defendants.

### A. SUMMARY OF THE INDICTMENT

In order to place my instructions in context, I will start by giving you a summary of the crimes charged. They are stated in the indictment. I will give you a copy of the indictment to refer to during your deliberations, but the indictment is not evidence; rather, it is simply the instrument by which the charges are brought. It is an accusation. It may not be considered by you as any

evidence of the guilt of either defendant. I am permitting you to have the indictment solely as a reference during your deliberations.

After summarizing the charges, I will instruct you in detail as to the law for you to apply to each charge in the indictment. And finally, I will tell you some further rules with respect to your deliberations. The indictment contains five counts. They are numbered Counts One through Five.

Count One charges the defendants with participating in an alleged conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371.

Count Two charges the defendants with participating in an alleged conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349.

Count Three charges the defendants with committing the substantive offense of securities fraud in connection with an alleged scheme to defraud investors and potential investors in GPB Holdings I, GPB Automotive Portfolio and GPB Holdings II, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5.

Counts Four and Five each charge defendant David Gentile with committing the substantive offense of wire fraud in connection with an alleged scheme to defraud investors in GPB Automotive Portfolio, in violation of Title 18 United States Code, Section 1343.

You must, as a matter of law, consider each count of the indictment and each defendant's alleged involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged. As I have previously mentioned, non-guilt or guilt is personal and individual. Your verdict for each defendant must be based solely upon the evidence about that defendant.

Note that at certain times, I instructed you that particular evidence in this case was limited to only one of the defendants. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on the other defendant.

I will now explain to you the law that applies to each of the counts in the indictment.

## B. ACTING KNOWINGLY, INTENTIONALLY, WILLFULLY

Each one of the five counts requires a finding as to the state of mind of the defendant or defendants charged in those counts. As a general rule, the law holds individuals accountable only for conduct in which they intentionally engaged, and during these instructions, you will hear me use the terms "knowingly," "intentionally," "willfully," and "good faith." Therefore, I will define these terms for you.

### *1. Knowingly*

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, negligence, or carelessness. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

### *2. Intentionally*

A person acts "intentionally" when he acts deliberately and purposefully. That is, an individual defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

### *3. Willfully*

To act "willfully" means to act with a wrongful purpose, that is, with awareness that the individual defendant was doing a wrongful act. The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

***4. Good Faith***

Because the government must prove that a defendant acted willfully and with intent to defraud to establish a defendant's guilt on any count in the indictment, the "good faith" of a defendant is a complete defense to each count in the indictment. I say it is a defense, but I want to make it clear a defendant has no burden of establishing his good faith. The burden is on the government to prove beyond a reasonable doubt both that a defendant acted willfully and, consequently, that he lacked good faith.

However misleading or deceptive an act may be, it is not fraudulent if it was devised or carried out in good faith. In considering whether or not a defendant acted in good faith, you are instructed that a belief by a defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not require a finding by you that the defendant acted in good faith. No amount of honest belief on the part of a defendant that a scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations. Again, the burden of proving good faith does not rest with a defendant because a defendant does not have an obligation to prove anything in this case – that burden always remains with the government.

Whether a person acted knowingly, intentionally, willfully, or in good faith is a question of fact for you to determine, like any other fact question. Direct proof of a defendant's state of mind is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. In deciding whether the government has proven knowledge, willful criminal intent, and the absence of good faith beyond a reasonable doubt, you may consider circumstantial evidence, such as a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical

inferences that may be drawn therefrom. In either case, all of the elements of the crime charged must be established beyond a reasonable doubt.

## C. SECURITIES FRAUD

I am going to begin with the law related to the substantive securities fraud charge, which is Count Three, before instructing you on the law related to the securities fraud conspiracy charge, which is Count One.

Count Three charges defendants David Gentile and Jeffry Schneider with committing securities fraud as follows:

> In or about and between August 2015 through December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAVID GENTILE and JEFFRY SCHNEIDER with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors and prospective investors in Holdings I, Automotive Portfolio and Holdings II, in connection with the purchase and sale of investments in Holdings I, Automotive Portfolio and Holdings II, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

### *1. Elements of Securities Fraud*

To determine whether the government has proven that the defendant you are considering committed the crimes charged in Count Three, the government must establish beyond a reasonable doubt all of the following elements of the crime of securities fraud as to that defendant:

First, that in connection with the sale of an investment in Holdings I, Automotive Portfolio, and Holdings II, the defendant you are considering did either one of the following:

(a) employ any device, scheme, or artifice to defraud, or

> (b) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,
>
> . . .
>
> in connection with the purchase or sale of any security.

Second, that the defendant you are considering acted willfully, knowingly, and with the intent to defraud; and

Third, that the defendant you are considering knowingly used, or caused to be used, any means or instrumentalities of interstate commerce in furtherance of the alleged fraudulent conduct.

i. First Element: Fraudulent Act

The first element that the government must prove beyond a reasonable doubt in connection with Count Three is that, in connection with the purchase or sale of investments in Holdings I, Automotive Portfolio or Holdings II, the defendant you are considering did one or more of the following:

> (a) Employed any device, scheme, or artifice to defraud, or
>
> (b) Made any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,
>
> . . .
>
> in connection with the purchase or sale of any security.

To prove this element it is not necessary for the government to establish both types of unlawful conduct in connection with the purchase or sale of securities. Either one will be sufficient to satisfy the first element. But to convict, you must be unanimous as to which type of unlawful conduct and you must find that it has been proven beyond a reasonable doubt. You must also find that the misconduct occurred in connection with the purchase or sale of a security, beyond a reasonable doubt.

It does not matter whether the alleged unlawful conduct was or would have been successful, or whether the defendants profited or received any benefit as a result of the alleged scheme. Success is not an element of the offense.

I will now explain a number of the terms relevant to this offense.

a. Device, Scheme or Artifice to Defraud

For the purposes of securities fraud, a device, scheme or artifice to defraud is a plan to accomplish a fraud. "Fraud" is a general term that embraces all efforts and means that individuals devise to unlawfully, willfully, and intentionally take advantage of others.

b. False Statements and Omissions

A statement, representation, claim or document is false if it is untrue when made and was known at the time to be untrue by the person making it or causing it to be made. False statements under the statute may include the omission of material facts in a manner that makes what is said or represented deliberately misleading. While the securities laws do not create an affirmative duty to disclose any and all information, the omission of information may be actionable if what is omitted makes the defendant's statements deliberately misleading.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

The government need not prove that the defendant you are considering personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statement

was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading.

c. "In Connection With"

The "in connection with" aspect of this element is satisfied if there is some nexus or relation between allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if the alleged fraudulent conduct touched upon a securities transaction. I instruct you that, as a matter of law, limited partnership interests in an investment fund, like the investments offered by GPB, constitute securities for purposes of this statute.

It is no defense to an overall scheme to defraud that a defendant may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that either defendant was the actual seller or offeror of the securities. It is sufficient for this element if the defendant you are considering participated in the scheme or fraudulent conduct that involved the purchase or sale of securities.

d. Material Fact

If you find that the government has established, beyond a reasonable doubt, that a statement was false, or fraudulently omitted, in connection with a securities transaction, you must next determine whether the fact misstated or omitted was material under the circumstances.

A misrepresentation is material when there is a substantial likelihood that it would have been significant to a reasonable investor's investment decision. The word "material" is used to distinguish the kinds of statements that would have been significant to a reasonable investor in making an investment decision from those that would be of no real importance to that investor. In

order for you to find that a misrepresentation was material, the government must prove beyond a reasonable doubt that there was a substantial likelihood that the misstated fact would have been viewed by a reasonable investor as having significantly altered the total mix of information available. To significantly alter the total mix of information available means to meaningfully affect a reasonable investor's investment decisions.

You have heard evidence that the GPB investors were required to sign subscription agreements in connection with their investments and that those agreements contained certain disclaimers. Let me caution you that this is a criminal case. It is not a civil case for breach of contract. Therefore, you are not charged with determining whether defendants or GPB breached a subscription agreement or another contract with any investor, or what significance those disclaimers had for GPB's contractual duties. Further, a disclaimer in a contract does not by itself establish that a misrepresentation to investors was immaterial, meaning of no real importance to a reasonable investor in making his or her investment decision. You can, however, consider contractual disclaimers (just like any other statement) as part of the information before investors when you make a determination about whether a reasonable investor would have considered a misrepresentation to be significant or important to his or her investment decision.

ii. Second Element: Knowingly, Willfully, With Intent to Defraud, and in the Absence of Good Faith

The second element of securities fraud, as charged in Count Three, that the government must prove beyond a reasonable doubt, is that each defendant acted "knowingly," "willfully," with the "intent to defraud."

I have already defined "knowingly" and "willfully," for you, and I refer you to those earlier definitions. "Intent to defraud" means to act knowingly and with intent to deceive. Even false

representations or statements or omissions of material facts do not amount to fraud unless done with fraudulent intent. The question of whether a person acted knowingly, willfully, and with intent to defraud, is a question of fact for you to determine, like any other fact in question.

As a reminder, since an essential element of the crime charged is intent to defraud, good faith on the part of a defendant is a complete defense to a charge of securities fraud for that defendant. I have already instructed you on good faith and I refer you to that earlier definition. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

The government may prove this element in either of two ways—by showing the defendant acted knowingly or by showing the defendant engaged in conscious avoidance, which I will discuss in the next instruction.

As to the first way of establishing this element, it is sufficient if the evidence satisfies you beyond a reasonable doubt that a defendant was actually aware the statements he made, caused to be made, or conspired to be made, were false or misleading. Knowledge may be found from circumstances that would convince an average, ordinary person. Thus, you may find that a defendant knew that the statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find that a defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless that defendant actually believed the statement to be true. This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of a defendant. Instead, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in

the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme.

iii. Conscious Avoidance as a Means of Establishing the Second Element[2]

The government can also establish this second element on a theory of conscious avoidance. More specifically, in determining whether a defendant acted knowingly, you may consider whether that defendant deliberately closed his eyes to what would have been obvious to him. If you find beyond a reasonable doubt that a defendant acted with a conscious purpose to avoid learning the truth that the claims that he or his coconspirators made were false or misleading, then this element may be satisfied for that defendant. However, guilty knowledge may not be established by demonstrating that a defendant was merely negligent, foolish, or mistaken.

If, for example, you find beyond a reasonable doubt that a defendant was aware that there was a high probability that false or misleading statements, representations or omissions were being made, and that the defendant acted in deliberate disregard of the facts, you may find that the defendant acted knowingly. In contrast, however, if you find that a defendant actually believed that he was not acting in furtherance of a conspiracy to defraud, he may not be convicted. It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

iv. Third Element: Instrumentality of Interstate Commerce

The third and final element the government must prove beyond a reasonable doubt as to Count Three is that the defendant you are considering knowingly used, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud. You are instructed that interstate or international travel,

[2] I anticipate giving this charge but defer a final decision until after hearing closing arguments.

the interstate use of the internet, bank wire transfers, telephone, or emails that traveled across state lines are all "instrumentalities of interstate commerce."

It is not necessary that a defendant be directly or personally involved in any mailing, wire, or use of an instrumentality of interstate commerce. If the defendant you are considering was an active and knowing participant in the scheme and took steps or engaged in conduct which he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of the interstate communications bear some relation to the object of the fraudulent conduct. The government need not prove every use of an instrumentality of interstate commerce alleged in the indictment.

## D. CONSPIRACY TO COMMIT SECURITIES FRAUD

I will now instruct you on the securities fraud conspiracy charge, which is set forth in Count One. Count One charges defendants David Gentile and Jeffry Schneider with conspiracy to commit securities fraud in connection with the investment funds GPB Holdings I, GPB Automotive Portfolio and GPB Holdings II.

Count One of the indictment charges the defendants with conspiracy to commit securities fraud as follows:

> In or about and between August 2015 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAVID GENTILE and JEFFRY SCHNEIDER together with others, did knowingly and willfully conspire to use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by (i) employing one or more devices, schemes and artifices to defraud; (ii) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and prospective investors in Holdings I, Automotive Portfolio and Holdings II, in connection with the purchase and sale of investments in Holdings I, Automotive Portfolio and Holdings II, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

A conspiracy is a kind of criminal partnership—a combination or agreement between two or more persons to join together to violate other laws. You should understand that a conspiracy is an entirely separate and different offense from the underlying crime that the conspirators intended to commit. That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime.

Thus, if a conspiracy exists, even if it should fail to achieve its purposes, it is still punishable as a crime. In other words, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded as to the underlying substantive crime.

***1. Elements of Securities Fraud Conspiracy***

To prove the crime of conspiracy to commit securities fraud, the government must prove four elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit securities fraud, as I have defined the crime of securities fraud already;

Second, that the defendant you are considering knowingly and willfully became a member of the alleged conspiracy;

Third, that one of the members of the conspiracy committed at least one of the overt acts charged in the indictment; and

Fourth, if you find beyond a reasonable doubt that any overt action was committed, that such overt act was in furtherance of some object or purpose of the conspiracy as charged in the indictment.

i. First Element: Existence of the Agreement

The first element the government must prove beyond a reasonable doubt for Count One is that two or more persons entered into the agreement to commit the securities fraud charged in the indictment. One person cannot commit a conspiracy alone. Rather, the proof must convince you beyond a reasonable doubt that at least two persons joined together in a common criminal scheme.

The government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which the scheme was to be accomplished. It is sufficient to show, beyond a reasonable doubt, that the conspirators tacitly came to a mutual understanding to accomplish the unlawful act of securities fraud by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more people to commit securities fraud has been established by direct proof. But since, by its very nature, a conspiracy is characterized by secrecy to conceal the unlawful agreement, direct proof may not be

available. Therefore, you may infer such an agreement—or conspiracy—from the circumstances and conduct of the parties involved, so long as the government has proven that such agreement existed beyond a reasonable doubt.

ii. Second Element: Membership in the Conspiracy

If you find that the government has not proven the first element—that an agreement to commit the securities fraud charged in the indictment existed—then your inquiry ends there, and you must find the defendants not guilty for Count One. If you find that the government has proven the first element—that an agreement to commit the securities fraud charged in the indictment existed—beyond a reasonable doubt, then you must consider the second element of Count One.

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly, willfully, and voluntarily became a member in the charged conspiracy.

In order for a defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome. While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that a defendant did have such an interest, it is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of any of the other individuals you find were coconspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved. In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy. Moreover, a defendant need not have been

fully informed as to all of the details, or the scope, of the conspiracy in order to infer of knowledge on his part. In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

On the other hand, a person who the government has failed to prove beyond a reasonable doubt has knowledge of the conspiracy, or who happens to act in a way which furthers some objective or purpose of the conspiracy without having knowledge of the conspiracy, does not thereby become a member. In considering whether a defendant knowingly and willfully became a member of a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his participation as he need not have been a member of the conspiracy for the entire time of its existence. In addition, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in a conspiracy. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy. The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I caution you that mere association by a defendant with a conspirator does not make the defendant a member of the conspiracy, even if he knows of the existence of the conspiracy. A person may know, work with, or be friendly with an alleged conspirator without being a conspirator himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. In other words, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is required is that a defendant must have participated with knowledge of at least some of the illegal purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

In evaluating this element, my instructions given earlier on "knowingly," "willfully," and good faith apply, subject to one important limitation relating to the concept of conscious avoidance or willful blindness I described earlier. "Conscious avoidance" or "willful blindness," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy. It is impossible for a defendant to join the conspiracy unless he or she actually knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that the defendant chose to participate in the scheme charged, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the conspiracy's unlawful goals.

iii. Third Element: An Overt Act

To satisfy this third element, called the "overt act" requirement, the government must prove beyond a reasonable doubt that at least one of the conspirators, not necessarily the defendant you are considering, committed at least one overt act in furtherance of the conspiracy. In other words, the overt act requirement requires there to have been something more than an agreement—some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. The overt act element, to put it another way, is a requirement that the agreement that's charged in Count One has gone beyond the mere talking stage.

The indictment alleges the following overt acts:

> In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants DAVID GENTILE and JEFFRY SCHNEIDER, together with others, did commit and cause the commission of, among others, the following:
>
> <u>OVERT ACTS</u>
>
> (a) On or about April 28, 2016, GENTILE sent, via wire transfer, $200,000 to the Chase GBP Realty Capital Account.
>
> (b) On or about April 28, 2016, GENTILE sent, via wire transfer, $700,000 from the Chase GPB Realty Account to an account held by Jeffrey Lash at JPMorgan Chase, hereinafter the "Lash Chase Account."
>
> (c) On or about May 2, 2016, Jeffrey Lash executed the Sham Guarantee, which guaranteed revenues at Country Motors II in the amount of $2,015,000 for audit year 2015.
>
> (d) On or about September 22, 2016, SCHNEIDER sent an email to an investment adviser that stated, "I believe GPB is distinct from any other [private equity] strategy currently in the market. GPB has been able to provide meaningful income (8.7% fully covered distributions)."

For the government to satisfy this element, it is not required to prove all of the overt acts, or that any particular overt act was committed at precisely the time alleged in the indictment. The government must prove beyond a reasonable doubt that at least one overt act occurred and that it occurred at about the time and place stated. The government may satisfy the overt act element by proving one of the overt acts that you'll find listed in the indictment, but it doesn't have to prove one of the overt acts listed in the indictment. It is enough if the government proves one overt act committed in furtherance of the conspiracy whether or not that overt act is listed in the indictment. As long as you all agree that at least one overt act was committed, this element is satisfied.

It is not necessary for the government to prove that each member of the conspiracy committed or participated in the overt act. It is sufficient for the government to show beyond a reasonable doubt that one of the conspirators knowingly committed an overt act in furtherance of

the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

You need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the alleged conspiracy; you just need to all agree that at least some overt act was committed.

iv. <u>Fourth Element: Commission of Overt Act in Furtherance of the Conspiracy</u>

The fourth, and final, element that the government must prove beyond a reasonable doubt for the conspiracy to commit securities fraud charged in Count One is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of the securities fraud scheme charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. An apparently innocent act can shed its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that, in and of itself is criminal or constitutes an objective of the conspiracy.

In sum, in order to prove that the defendants are guilty of Count One, the government must prove beyond a reasonable doubt, as to each defendant, that: (1) an agreement existed between two or more individuals to commit securities fraud; (2) the defendant you are considering knowingly and willfully joined the conspiracy; (3) at least one member of the conspiracy committed an overt act; and (4) that overt act was committed specifically to further some objective of the conspiracy.

If you find that the government has not proven any one of these elements beyond a reasonable doubt as to either defendant, then you must find that defendant not guilty of Count One.

**E. WIRE FRAUD**

Before turning to Count Two, charging wire fraud conspiracy, I am going to explain the crime of wire fraud, which is charged against defendant David Gentile in Counts Four and Five.

Count Four reads as follows:

> On or about April 22, 2016, within the Eastern District of New York, the defendant DAVID GENTILE, together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors and prospective investors in Automotive Portfolio, and to obtain money and property from those investors and prospective investors, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, GENTILE transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: a wire transfer in the amount of approximately $509,643 from the Signature Bank GPB Realty Account maintained in the Eastern District of New York to the Chase GPB Realty Account.

Count Five reads as follows:

> On or about April 28, 2016, within the Eastern District of New York, the defendant DAVID GENTILE, together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors and prospective investors in Automotive Portfolio, and to obtain money and property from those investors and prospective investors, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, GENTILE transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: a wire transfer in the amount of approximately $1,050,000 from the Lash Chase Account to the Automotive Portfolio Chase Account.

The government must prove each of the following elements, for each of the wire fraud counts, beyond a reasonable doubt:

First, there was a scheme or artifice to defraud with the purpose of obtaining money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment.

Second, that Mr. Gentile knowingly participated in the scheme or artifice to defraud with the purpose of obtaining money or property with knowledge of its fraudulent nature and with specific intent to defraud.

And third, that in execution or in furtherance of that scheme Mr. Gentile used or caused to be used interstate or foreign wires as specified in the indictment.

In this case, each of the wire fraud counts alleges the same facts with respect to the first and second elements but alleges a different wire communication with respect to each count. I will now explain each of these elements further.

***1. First Element — Scheme to Defraud***

The first element requires the government to prove beyond a reasonable doubt the existence of a scheme or artifice to defraud with the purpose of obtaining money or property by means of materially false or fraudulent pretenses, representations or promises. I will now explain a number of the terms used in this definition.

A scheme or artifice is a plan for the accomplishment of an objective. A scheme or artifice to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence. "Fraud" is a general term that embraces all efforts and means that individuals devise to unlawfully, willfully, and intentionally take advantage of others.

The scheme to defraud in this case is alleged to have been carried out by making false statements or representations. A representation or statement is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made and is fraudulent if

it was falsely made with the intention to deceive. Half truths, the omission of material facts, or the expression of an opinion not honestly believed by the person expressing the opinion, may also constitute false or fraudulent statements under the statute.

The deception does not have to be premised upon spoken or written words alone. The arrangement of the words or the circumstances into which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not really matter.

The fraudulent representation must relate to a material fact or matter. I previously told you what a material fact is with regard to Count One, and that same standard applies here.

Finally, the scheme to defraud must target money or property. It is not necessary that a defendant or his alleged co-conspirators actually realized any gain from a scheme, or that the intended victim actually suffered any loss. Instead, in order to find a defendant guilty you must find that the scheme contemplated depriving another of money or property.

Only a scheme to defraud and not actual fraud must be proved to sustain a conviction. It is not necessary for the government to prove that the scheme to defraud actually succeeded, that any particular person actually relied on a statement or representation, or that any investor actually suffered damages as a consequence of any false or fraudulent representations, promises, or pretenses. I have already defined what it means for a statement or representation to be "false" in connection with the securities fraud charged in Count Three, and that same definition applies here. I remind you that it is not necessary for the government to prove each and every misrepresentation or false promise that the government alleges in the indictment. It is sufficient that the government proves beyond a reasonable doubt that one or more of the misrepresentations was made in furtherance of the scheme to defraud.

Again, you cannot find Mr. Gentile guilty if only some of you think that alleged misrepresentation "A" is false while others think that only alleged misrepresentation "B" is false. There must be at least one specific pretense, representation, or promise about a material fact that all of you find to be false in order to find the defendant guilty.

***2. Second Element — Intent to Defraud***

The second element that the government must prove beyond a reasonable doubt, as to each wire fraud count, is that Mr. Gentile executed a scheme knowingly and with specific intent to defraud a victim, and in the absence of good faith. I have already told you what it means to act knowingly and with an intent to defraud, and in the absence of good faith. Those same definitions apply here.

In sum, the government has to establish beyond a reasonable doubt that Mr. Gentile acted deliberately and voluntarily rather than by ignorance, mistake, accident, or carelessness; that he acted with the specific purpose of causing some deprivation of money or property; that he acted with the intention or purpose to deceive; and that he lacked good faith. If Mr. Gentile was not a knowing participant in the scheme, or if he lacked the specific intent to defraud, then he is not guilty of wire fraud.

***3. Third Element — Use of Interstate Wires***

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. That just means, for example, if one person in New York is talking to another person in New York, that is not enough. The wire communication has to go over state lines or over national lines.

A wire communication includes a wire transfer of funds across state lines between banks in different states, and telephone calls, emails, and facsimiles between two different states. The use of the wires need not itself be a fraudulent misrepresentation. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding beyond a reasonable doubt that the defendant caused the wires to be used by others in execution or in furtherance of the alleged scheme. This does not mean that the defendant must specifically have authorized others to make the call, wire the money or send the email. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires reasonably can be foreseen, even though not actually intended, then the defendant causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

## F. CONSPIRACY TO COMMIT WIRE FRAUD

Count Two of the indictment charges the defendants with conspiracy to commit wire fraud. The indictment reads, in relevant part, as follows:

> In or about and between August 2015 and December 2018, both dates being approximate and inclusive, within the Eastern District

> of New York and elsewhere, the defendants DAVID GENTILE, and JEFFRY SCHNEIDER together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors and prospective investors in Holdings I, Automotive Portfolio and Holdings II, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

I have already explained what it means to conspire to commit an offense. Those instructions apply here as well. As a reminder, the government need not prove that the defendants actually committed the unlawful acts charged as the object of the conspiracy in Count Two, that is, wire fraud. Rather, the government must prove the following two elements beyond a reasonable doubt, for each defendant:

First, that two or more persons entered into an agreement to commit wire fraud; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy, with the intent by his actions to help it succeed. The same definitions of knowingly and intentionally that I have discussed earlier apply here. The limitation on the use of conscious avoidance as a basis to support a conspiracy charge that I discussed in the context of conspiracy to commit securities fraud also applies to this conspiracy charge.

The overt act element on which I instructed you with respect to Count One, which charges conspiracy to commit securities fraud does not apply to Count Two, which charges conspiracy to commit wire fraud.

## G. AIDING AND ABETTING LIABILITY

### *1. Aiding and Abetting*

The indictment also charges Mr. Gentile and Mr. Schneider with aiding and abetting the alleged securities fraud crime charged in Count Three and Mr. Gentile with aiding and abetting the alleged wire fraud crimes charged in Counts Four and Five. This means that the government can meet its burden of proof either by proving beyond a reasonable doubt that a defendant himself did the acts charged, or by proving beyond a reasonable doubt that (i) another person committed the crimes charged: and (ii) the defendant you are considering aided and abetted that other person in doing so with intent that the alleged crime be committed by the other person.

When aiding and abetting liability is charged, it is not necessary for the government to show that the defendant you are considering personally committed the crime with which he is charged in order for the government to sustain its burden of proof. A person who knowingly and intentionally aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

In order for a defendant to be found guilty of aiding and abetting a crime, the government must first prove that another person actually committed the crime with which the defendant is charged with aiding and abetting. No one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.

Second, if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime. In order for a defendant to aid or abet another to commit a crime, it is necessary that the defendant you are considering knowingly and willfully associated himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed. Participation in a crime is willful, for the purpose of aiding and abetting, if done voluntarily and intentionally, and with the specific intent to do

something which the law forbids or with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or disregard the law. To establish that the defendant participated in the commission of the crime, the government must prove that the defendant you are considering engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime. In contrast, merely associating with others who were committing a crime is not sufficient to establish aiding and abetting, one who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

***2. Willfully Causing a Crime***

Another way a defendant can be guilty of a crime is by willfully causing a crime. Section 2(b) of Title 18 of the United States Code provides that:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a crime].

What does the term "willfully caused" mean? It means that a defendant need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the indictment.

To determine whether the defendant you are considering "willfully caused" the crime, ask yourself the following questions:

- Did the defendant you are considering intend for the crime to occur?

Did the defendant you are considering intentionally cause another person to commit the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then you may find the defendant you are considering guilty of the crime charged just as if he himself had actually committed it. If, on the other hand, your answer to any of those questions is "no," then you may not find him guilty on this theory.

**H. VENUE**

In addition to the elements described above, you must also consider whether venue is proper in the Eastern District of New York.

To determine this for Counts One, Two, and Three, you should consider whether any act in furtherance of the crime occurred within the Eastern District of New York. You are instructed that the Eastern District encompasses Kings, Nassau, Queens, Richmond, and Suffolk Counties. Unlike the elements of the charges which the government must prove beyond a reasonable doubt, the government must prove that venue is proper by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely than not. A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial. It refers to the quality and persuasiveness of the evidence, not to the quantity of the evidence. I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of the charged crimes beyond a reasonable doubt.

Venue for the conspiracy charges—Counts One and Two—may be properly found in any district where the unlawful agreement was formed, or where an overt act was committed in furtherance of the conspiracy. In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that either of the defendants or any alleged co-conspirator was even physically present here. It is sufficient to satisfy the venue requirement if an overt act in furtherance of the conspiracy occurred within the Eastern District of New York.

This includes not just acts by the defendants or any alleged co-conspirator, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

Venue of the charged substantive securities fraud count—Count Three—is proper in the Eastern District of New York if an act or transaction constituting securities fraud occurred in the Eastern District of New York, including if communications, such as mailing, telephone communications, or electronic communications, were sent or received in the Eastern District of New York.

## I. SENIOR POSITION AT A COMPANY

You have heard testimony that each defendant held an executive position—Mr. Gentile at GPB Capital Holdings, LLC and Mr. Schneider at Ascendant Capital, LLC. You may not vote to convict either defendant based solely on that senior position. A defendant who is an officer, director, or employee of a corporation is not criminally responsible for the alleged acts of other employees merely because he held a senior position within the corporation. In other words, you may not convict Mr. Gentile based solely on his position at GPB Capital Holdings, LLC, and you may not convict Mr. Schneider based solely on his position at Ascendant Capital, LLC. Rather, for the charged offenses, the government must prove each element beyond a reasonable doubt in order to find a defendant guilty.

## III. GENERAL INSTRUCTIONS FOR DELIBERATIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved beyond a reasonable doubt. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

You are entitled to your own opinion but you should exchange views with your fellow jurors and listen carefully to each other. While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to re-examine your own views, and to change an opinion if you become convinced that it is mistaken. On the other hand, do not surrender your honest convictions and beliefs as to the weight or effect of evidence solely because of the opinion of your fellow jurors, because you are outnumbered, or merely to return a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided.

Under your oath as jurors, the only question for you to consider is whether the government has proved beyond a reasonable doubt the essential elements of the crimes as I have explained them.

The charges here are serious. A just determination of this case is important to the public, and it is equally important to the defendants.

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. Juror No. 1 was chosen during jury selection to act as the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the deputy

marshal during your deliberations, but, of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note by a court security officer, signed by your foreperson. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate with any member of the jury on any subject touching on the merits of the case through any method other than in writing, or orally here in open court.

If you want to have some portions of the testimony repeated or provided to you, you can make the request by a note to the court security officer. I suggest, however, that if you decide that you'd like testimony read or supplied to you, you be as specific as possible about the portion of the testimony that you'd like. Longer portions of the testimony take longer to have re-read in Court or sent back to you in the jury room. So the more specific you can be the more quickly we will be able to get you the materials you request.

Similarly, if you wish to see any of the exhibits in evidence, you may make the request by note to the court security officer and I will make arrangements for you to review the exhibit either in the jury room or in Court.

You will note from the oath about to be taken by the court security officer that the court security officer, like all other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching on the merits of the case.

Bear in mind also that you should not reveal to any person—not even to the Court—how the jury stands on the question of guilt or innocence of the accused until after you have reached a

unanimous verdict. So if you send a note to me during the trial, asking for evidence or addressing any topic, please don't tell me the results of any straw polls or votes you've taken. Don't do that until you've all agreed on a verdict.

Any verdict you reach must be unanimous, meaning that you all must agree on it. Once you have reached your verdict, you will record your decision on a verdict sheet that I have prepared for you. You should proceed through the questions in the order in which they are listed. The foreperson should complete the verdict sheet, date it, and sign it. The foreperson should then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. The foreperson should keep the verdict sheet until I ask for it. You must all be in agreement with the verdict that is announced in court. Again, do not indicate what the verdict is. In no communication with the Court should you give a numerical count of where the jury stands in its deliberations.

Your oath sums up your duty—and that is, without fear or favor you will well and truly try the issues between these parties according to the evidence given to you in court and the laws of the United States.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.

(The attorneys will come to the side bar to make any exceptions)

(Release alternates)

(Swear Court Security Officer)