**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM/JKW/NMA/KM
F. #2018R01064

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 30, 2024

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
Brooklyn, New York 11201

Re: United States v. Gentile, et al.
Criminal Docket No. 21-54 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter regarding the Court's jury instructions.

First, the government respectfully requests that the Court modify its draft instructions on materiality to make clear that "*if* you find that the defendant you are considering made a material misrepresentation or omitted a material fact when there was a duty to disclose, it does not matter whether the intended victims were gullible buyers or sophisticated investors because the law protected the gullible and unsophisticated as well as the experienced investor." See United States v. Watson, No. 23-CR-82 (EK); United States v. Petrossi, 16-CR-234 (BMC); United States v. Greebel, 15-CR-637 (KAM) (emphasis added). This instruction is necessary to respond to counsel's improper argument that the victims' failure to uncover the defendants' fraud is somehow their fault and a defense to the charges in this case. See, e.g., Tr. 6526 ("if they didn't look at these financial statements, respectfully, that's on them"). Because this instruction also makes clear that the jury must *first* find a material misstatement ("if you find . . . a material misrepresentation . . ."), there is no likelihood that the jury will interpret this instruction as a gloss on the reasonable investor standard. Rather, this instruction makes clear that a particular investor's negligence is not a defense if the defendant makes a material misstatement. See United States v. Frenkel, 682 F. App'x 20, 22 (2d Cir. 2017) ("a victim's negligence is not a defense under the federal fraud statutes"); see also United States v. Weaver, 860 F.3d 90, 97 (2d Cir. 2017) ("No customers had to be tricked into purchasing the [fraudulently described items] in order for [the defendant] to be charged criminally because the government is not required to prove that an intended victim was actually defrauded to establish guilt of mail or wire fraud.").

Second, the government also respectfully requests that the Court instruct the jury that the "government is not on trial." Defense counsel's improper ad hominem attacks on the

prosecution's motives have no basis in the evidence and have long been held to be improper. See United States v. Young, 470 U.S. 1, 9 (1985) ("Defense counsel, like his adversary, must not be permitted to make unfounded and inflammatory attacks on the opposing advocate."); see also United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011) ("While it was the court's role, not the prosecution's, to instruct the jury that this question was not before them, the government hardly deprived Sabir of a fair trial by briefly alluding to the[] improper arguments [about the defendant being the victim of selective prosecution] in reminding them of the judge's instruction."). More specifically, the government requests the following charge:

> Please remember the Government is not on trial; there is no evidence that the Government is operating under any kind of improper motive. You must base your decision only on the evidence that has been presented at the trial in determining whether the Government has met its burden of proving defendant's guilt beyond a reasonable doubt.

See United States v. Guzman Loera, No. 09-CR-466 (BMC), Tr. 6966 (Feb. 4, 2019 E.D.N.Y.); United States v. Chang, No. 18-CR-681 (NGG), Tr. 1406–07 (July 24, 2024 E.D.N.Y.). This instruction is necessary to respond to counsel's improper argument that "[the government] is . . . hell bent on winning." Tr. 6527–28; see also Tr. 6606 ("This is supposed to be a search for the truth. It is not just about winning. It is not winning at all costs and keeping things from you."). Counsel went on to claim that the government suborned perjury and coached witnesses without any basis in the record whatsoever. Tr. 6553 –54 ("This is called perjury. This is rank perjury . . . But it's terrifying that this is happening in this courtroom, that we are in the United States of America and a man on the spot can make up a performance guaranty that doesn't exist and they sat there and did nothing. Did they stand before you and say this should be stricken? Did they stand before you and say Mr. Jacoby's testimony should be stricken? Did Mr. McConnell get up on redirect examination and try to fix this and say, Bill, maybe you're confused, try to get him out of it? He left it alone. And it would be funny if it wasn't so serious."), 6570 ("[w]itnesses in this case have been coached to give you a story based on nothing but their story."). There is no evidence of government misconduct in this case or that the government "coached" witnesses and the defense has pointed to none.

Third, the government respectfully requests that the Court revise its instruction regarding fees as follows:

> You have heard evidence regarding acquisition fees, board stipends, management fees, and fund expenses. That evidence was offered to give you an understanding of how the GPB funds operated, how the defendants were compensated, and as evidence of the defendants' alleged fraudulent scheme to obtain money or property by materially false representations. ~~However, as I will explain in a moment, the fraud that is charged in this case is that defendants made misrepresentations or statements containing misleading omissions to GPB investors – in other words, that they said one thing and did another. The government's theory of fraud is *not* that the payment of fees, stipends, and expenses independently violated any legal duty to investors.~~ The government

has not alleged that the fees, stipends, and expenses were not properly disclosed to investors.

The proposed revision is intended to clarify that while the government has not alleged that the fees, stipends, and expenses were not properly disclosed to investors, those fees are relevant to prove the first element of wire fraud, and as motive evidence.

Fourth, the government also submits that the Court's instructions on the money or property object of wire fraud correctly state the law and are in accord with Judge Komitee's instructions in the most recent fraud trial in this district, United States v. Watson, 23-CR-82 (EK). While causing financial or property loss is one form of harm or injury, a victim is also harmed if he or she is deprived of money or property, even temporarily. See United States v. Greenberg, 835 F.3d 295, 306 (2d Cir. 2016) ("[T]he statutory language in both the mail and wire fraud statutes is broad enough to include a wide variety of deceptions intended to deprive another of money or property . . . ."); United States v. Stitsky, 536 F. App'x 98, 108-09 (2d Cir. 2013) ("The evidence was sufficient to prove that Shapiro intended fraudulently to induce investors to entrust him with their money. Shapiro's intent to cause that immediate loss to his victims is sufficient to sustain his mail and wire fraud convictions, regardless of whether he intended ultimately to generate a return on their investments."); United States v. Males, 459 F.3d 154, 159 (2d Cir. 2006) (approving instruction that "the requirement of contemplated harm or injury does not require that [the defendant] intended to permanently deprive the victim's money or property"). The formulation adopted by the Court is also consistent with the Supreme Court's most recent discussion of this issue in Ciminelli v. United States, which held "that the federal fraud statutes criminalize only schemes to deprive people of traditional property interests," such as money and property. 598 U.S. 306, 309 (2023); see also Carpenter v. United States, 484 U.S. 19, 27 (1987) ("Sections 1341 [mail fraud] and 1343 [wire fraud] reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises."). Additionally, the Court's instruction is consistent with the bedrock principle that a defendant cannot escape liability for fraud merely because he believes everything will work out in the end and no victims will ultimately be harmed. See, e.g., United States v. Lange, 834 F.3d 58, 78 –79 (2d Cir. 2016) (Approving no ultimate harm instruction "because there was evidence that [the defendant's] co-conspirators intended to immediately deprive investors of their capital through fraud, even if they truly believed

that in the long-term [the business] would ultimately succeed, deriving profits for the defrauded investors.”).

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Artie McConnell
Jessica K. Weigel
Nick M. Axelrod
Kate Mathews
Assistant U.S. Attorneys
(718) 254-7000

Cc: Clerk of the Court (RPK) (by ECF)
Defense Counsel (by ECF)