**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JKW/NMA/KM
F. #2018R01064

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 23, 2025

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. David Gentile, et al.
Criminal Docket No. 21-54 (RPK)

Dear Judge Kovner:

The government writes jointly with the defendants pursuant to the Court's May 14, 2025 order, to provide an update regarding the determination of forfeiture and restitution in the above-captioned case.

First, with respect to forfeiture, the parties respectfully request that the Court adopt the below schedule and page limits to permit the parties to brief the issue. On April 29, 2025, the government provided the defendants and the Court slides that depict the results of a tracing analysis performed by Michael Petron to estimate the proceeds to the defendants during the conspiracy period from only the three GPB funds at issue in this case. After conferring with the defendants, the government has agreed to provide additional information regarding Mr. Petron's tracing analysis by May 30, 2025. The parties propose further briefing and disclosure deadlines with respect to forfeiture as follows:

**June 18, 2025:** Government's Motion (10-page limit)
**July 2, 2025:** Defendants' Disclosures (if any)
**July 16, 2025:** Defendants' Oppositions (10-page limit)
**August 6, 2025:** Government's Reply (15-page limit)

As ordered by the Court, the defendants have met and conferred with the government, and the parties are in agreement as to the above schedule and page limits except as to one issue. The government has stated it does not intend to propose a hearing date and that the Court can set one if it believes a hearing is necessary following briefing. The defendants respectfully request a forfeiture hearing and propose that the Court schedule the hearing for September 11, 2025 or September 12, 2025. The defendants respectfully submit that when

forfeiture is contested a hearing is mandatory at either party's request. See Fed. R. Crim. P. 32.2(b)(1)(B) (stating that the court "must conduct a hearing" on either's party request if forfeiture is contested); see also United States v. Kenner, 443 F. Supp. 3d. 354, 361 (E.D.N.Y. 2020). In the government's view, the Court should wait to set a hearing date, if any, until after the parties have fully briefed the issue of forfeiture. At that time, the Court will be better positioned to determine whether a hearing is necessary and the purpose and scope of the hearing if one is required.

Second, with respect to restitution, the parties agree that the Court should continue to delay entering an order of restitution. In the government's view, the Court should delay entering an order of restitution at least until remaining distributions are made to investors as part of the parallel SEC action. On April 8, 2025, the court in the SEC action approved the distribution plan proposed by the receiver. See SEC v. GPB Capital Holdings, LLC, et al., No. 21-CV-583 (MKB) (E.D.N.Y.), ECF Dkt. No. 271 (Memorandum & Order). On April 25, 2025, the receiver began making distributions to investors in GPB Holdings II, LP, GPB Automotive Portfolio, LP, and GPB Cold Storage, LP. The government respectfully submits that the Court should wait to order restitution until it can determine the appropriate amount of restitution to be paid to each victim-investor in the three GPB funds at issue after distributions are complete. As noted in the government's letter of March 18, 2025, see ECF Dkt. No. 552 at 8, the Court is permitted to order restitution beyond the statutory 90-day deadline, see 18 U.S.C. § 3664(d)(5), at least where it makes "clear prior to the deadline's expiration that it w[ill] order restitution, leaving open (for more than 90 days) only the amount," Dolan v. United States, 560 U.S. 605, 607–08 (2010). The defendants do not agree to an indefinite delay of resolving the issue of restitution, as proposed by the government. The defendants instead respectfully request that the parties continue to confer and submit another status update as to the question of restitution on or before July 1, 2025.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Jessica K. Weigel
Nicholas M. Axelrod
Kate Mathews
Assistant U.S. Attorneys
(718) 254-7000