

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.484.3900 **MAIN**
212.484.3990 **FAX**

afslaw.com

October 31, 2025

**VIA ECF**

**Glenn Colton**
Partner
212.484.3972 **DIRECT**
glenn.colton@afslaw.com

The Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Gentile, et al.*, 21-cr-00054 (RPK) (PK)

Dear Judge Kovner:

      We write on behalf of our client, Jeffry Schneider, to respectfully request that the Court move Mr. Schneider's surrender date from November 14, 2025 to May 15, 2026. We do not make this request lightly, but given Mr. Schneider's ███████████, this application is necessary to allow Mr. Schneider to complete ███████████████████████████████████████████ ████████████████████████████████. The Government consents to the relief sought in part. Specifically, the Government consents to the adjournment of Mr. Schneider's surrender date only to January 14, 2026.

      Mr. Schneider recently was forced to seek emergency treatment for a frightening ███ ████████████████████████████ on September 17, 2025. Imaging revealed a ████████ ███, and, despite attempts to manage the condition conservatively through ████████ ████████ his symptoms did not improve. He ultimately required ████████████ on October 22, 2025. ███████████████████, the anticipated recovery period is ████████ and will require ███████████ to ensure proper healing. Ex. A.

      Moreover, as we have previously informed the Court, Mr. Schneider had ████████ in February 2025 and underwent a multi-step ████████████████████████ process. ECF Nos. 630, 631-1 (unredacted copy filed under seal). As part of that process, he underwent ████████████████████████ *Id.* During a follow-up appointment on October 17, 2025, ████████████████████████████████████████████████████████████████████████ ███████████████. Ex. B. This requires Mr. Schneider to start the entire ███████ process again. *Id.* The Government acknowledged that Bureau of Prisons ("BOP") "does not have the

**Smart In
Your World®**



Judge Rachel P. Kovner
October 31, 2025
Page 2

capability to do implant procedures" and "cannot finish these procedures." ECF No. 629 at 14, 14 n.4.[1]

The Government informed us its position is as follows: "The government will consent to a delay of Mr. Schneider's surrender date up to January 14, 2026, which is 12 weeks from the date of his ▉▉▉▉. We have consulted with BOP, and we do not agree that a further delay is necessary for ▉▉▉▉. We are not willing to consent to any additional delay related to Mr. Schneider's ▉▉▉▉ . . . ."[2]

Given these medical issues, we respectfully request that the Court move Mr. Schneider's surrender date to May 15, 2026. In the alternative, we respectfully request that the Court order that Mr. Schneider's surrender date be adjourned to January 14, 2026, and that he subsequently begin his sentence on house arrest from January 14, 2026 until May 15, 2026. This arrangement would represent a significant restriction on his liberty while allowing him to receive the necessary medical care and rehabilitation.[3] The latter alternative request is made without prejudice to Mr. Schneider's *sub judice* motion for bail pending appeal. ECF Nos. 625-1, 638.

We appreciate the Court's consideration of this request and are available to answer any questions the Court may have.[4]

Respectfully submitted,


Glenn Colton

cc: counsel of record (via ECF)

---

[1] In the same breath, the Government accused Mr. Schneider of initiating his earlier ▉▉▉▉ "knowing full well that BOP does not do these procedures." *Id.* at 14. This baseless suggestion of "gamesmanship" is belied by communications between Mr. Schneider's counsel and the Government, in which counsel repeatedly asked the Government for BOP's position on whether it could complete the required care. It was not until the Government's filing that Mr. Schneider learned that BOP could <u>not</u>, in fact, handle such procedures.

[2] Notably, without explanation, the Government's position regarding Mr. Schneider's ▉▉▉▉ is contrary to its previous position that BOP cannot complete the necessary procedures, *see supra*.

[3] As to the alternative relief requested herein, the Government has informed us of its position as follows: "We also will not consider converting any portion of Mr. Schneider's incarceration to house arrest (or home detention or any other substitute)."

[4] We respectfully request pursuant to Your Honor's Individual Rule No. I.B. for permission to file under seal the unredacted version of this letter and Exhibits A and B. Only health-related information has been redacted in this public filing. Sealing is appropriate under these circumstances. *See Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110, 124 (2d Cir. 2006).