KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

December 16, 2025

**BY ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *United States v. Gentile, et al.*,
21 Cr. 054 (RPK)(PK)**

Dear Judge Kovner:

We write on behalf of David Gentile in response to Your Honor's December 2, 2025 order for the parties to submit letters regarding the Government's motion for forfeiture and the need for any further proceedings regarding Mr. Gentile in light of the executive grant of clemency that was issued on November 26, 2025.[1] That commutation, which expressly commuted Mr. Gentile's "entire sentence," mooted the Government's pending motion for forfeiture as to Mr. Gentile, and, thus, there is no need for any further proceedings in the District Court with respect to him.

On November 26, 2025, President Trump issued an Executive Grant of Clemency granting "an immediate commutation of [Mr. Gentile's] entire sentence to time served with no further fines, restitution, probation, or other conditions" (the "Commutation"). ECF No. 656. By commuting Mr. Gentile's "entire sentence," President Trump's Commutation necessarily moots the Government's motion for forfeiture, as forfeiture is "part of the sentence" that would apply in Mr. Gentile's case. *See, e.g.*, 28 U.S.C. § 2461(c) (providing for "forfeiture of the property **as part of the sentence** in the criminal case." (emphasis added)); *see also* Fed. R. Crim. P. 32.2(a) (requiring notice to criminal defendant if the government "will seek the forfeiture of property **as part of any sentence**" (emphasis added)).

---

[1] We emailed counsel for the Government on December 3, 2025 and December 5, 2025 to determine if the parties were in agreement on the Court's directive and could submit their position jointly, but did not receive a response.

Further, that the Commutation goes on to explicitly prohibit any "***further*** fines, restitution, probation, or other conditions" makes clear that the Commutation encompasses not only the incarceratory component of Mr. Gentile's sentence, but also any financial penalties that were not yet assessed against him, but (absent the Commutation) could still be levied against him as part of his sentence. ECF No. 656 (emphasis added). This necessarily includes forfeiture and restitution. *See, e.g.*, *United States v. Viloski*, 814 F.3d 104, 109 (2d Cir. 2016) (finding forfeiture is a "fine," subject to the Eighth Amendment's Excessive Fines Clause, when it is "imposed at the culmination of a criminal proceeding that required a conviction of the underlying felony," and it "could not have been imposed upon an innocent party" (quoting *United States v. An Antique Platter of Gold*, 184 F.3d 131, 139 (2d Cir. 1999))). *See also Libretti v. United States*, 516 U.S. 29, 39 (1995) ("criminal forfeiture [is] an aspect of punishment imposed following conviction of a substantive criminal offense"). The law provides President Trump the power to commute the entirety of a defendant's criminal sentence. *See* U.S. Const. art. II, § 2, cl. 2. Here, President Trump unequivocally included all portions of Mr. Gentile's sentence, even going so far as to specify fines, restitution, probation, ***or other conditions***.

Accordingly, we request that the Court deny the Government's Motion for Forfeiture (ECF No. 610) as moot as to Mr. Gentile. Further, because the Commutation prohibits the Court from ordering forfeiture or restitution against Mr. Gentile, no further proceedings are necessary before the Court as to Mr. Gentile.

Respectfully submitted,

*/s/ Adriana Riviere-Badell*
Adriana Riviere-Badell (admitted *pro hac vice*)

*Counsel for Defendant David Gentile*

cc: All counsel of record (by ECF)